UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED

AUG 0 3 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-196-KSF

IN RE:       COMPUTREX, INC., Debtor

JAMES D. LYON, Trustee for the Bankruptcy Estate of
Computrex, Inc.                                                                PLAINTIFF

V.                          **OPINION & ORDER**

MELINDA BROWN, et al.                                            DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on defendants' motion for leave to file and serve a third

party complaint [DE #49] and plaintiff's motion to strike notice of order [DE #74].  These

matters are ripe for review.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The plaintiff, James D. Lyon, Trustee for the bankruptcy estate of Computrex, Inc. (the

"Trustee"), filed this adversary proceeding against the defendants, Melinda Brown, Peter

LaFleche, and Jonathan Wilfong (collectively, the "Defendants").  Defendants are former outside

directors of Computrex, Inc. (the "Debtor").  The complaint in the adversary proceeding alleges

eleven (11) counts against Defendants, including causes of action for common law fraud,

fraudulent conveyance, negligence and breach of fiduciary duty relating to Defendants' duties as

members of the Board of Directors of the Debtor.

Defendants assert that they relied upon advice from Ogden, Newell & Welch, PLLC, and several of its partners, including John G. Treitz, Jr., Thomas E. Rutledge and Walter L. Sales (collectively, "Ogden Newell") in committing the alleged wrongful actions. The proposed Third Party Complaint alleges that Ogden Newell participated in the alleged wrongful conduct as follows:

1.      Ogden Newell attended the Debtor's board meetings and participated in establishing corporate strategies.

2.      Ogden Newell structured and endorsed a Restricted Stock Plan implemented by Debtor.

3.      Ogden Newell analyzed the potential legal conflict issues raised by the Merlin Project, and, while remaining primarily responsible for addressing this issue, continued to represent all parties to the alleged detriment of the Debtor.

4.      Ogden Newell advised the Debtor's Board on how to structure the Merlin Project as well as how to defend the program against claims of fraudulent conveyance.

Based on Ogden Newell's participation in Debtor's transactions, the Trustee made demands on Ogden Newell. Ogden Newell and the Trustee entered into a settlement agreement in December, 2004. Defendants objected to the motion to approve the settlement. On April 14, 2005, the Bankruptcy Court approved the settlement between Ogden Newell and the Trustee for $2.1 million, with certain modifications. Shortly thereafter, Ogden Newell filed a motion to vacate, alter or amend the order on the basis that the settlement was contingent on the Bankruptcy Court's approval *in toto* of the settlement agreement. The Bankruptcy Court denied Ogden Newell's motion and again approved the settlement agreement between Ogden Newell and the Trustee. The Bankruptcy Court's orders approving the settlement agreement allowed Defendants to retain the rights to assert against Ogden Newell or any of its partners any and all claims to which they are entitled as a matter of law.

2

## II.   MOTION TO STRIKE NOTICE OF ORDER

Defendants filed a notice of order [DE #73], alerting this Court that the Bankruptcy Court had filed an order addressing Ogden Newell's motion to vacate, alter or amend.  This Court had previously entered an order stating the Trustee had ten (10) days from the date of the Bankruptcy Court's ruling on Ogden Newell's motion to vacate, alter or amend to file a response to Defendants' motion for leave to file and serve a third party complaint.  The notice of order, therefore, stated that the deadline for the Trustee's response was July 5, 2005.  The Trustee objected to the calculation of this deadline, however, the Trustee filed his response on July 5, 2005.  Thus, the Trustee's motion to strike should be denied as moot.

## III.   MOTION FOR LEAVE TO FILE AND SERVE THIRD PARTY COMPLAINT

### A.   The Parties' Arguments

In the instant case, Defendants argue that Ogden Newell is either primarily liable for the claims against Defendants or is a joint tortfeasor with Defendants, therefore, they should be able to implead Ogden Newell.  The Trustee instituted this adversary proceeding against Defendants for making corporate decisions that the Trustee alleges are unlawful.  Defendants claim that they relied on advice from Ogden Newell when making the alleged unlawful decisions.  Defendants thus assert that to the extent any wrongdoing was committed, the damages alleged by the Trustee could only have arisen due to the primary and active negligence of Ogden Newell in breaching its duties and applicable standard of care when providing legal services to the Debtor and Defendants.  Along these lines, Defendants assert claims of legal malpractice, negligent misrepresentation and common law indemnity, contribution or apportionment and request for declaratory judgment against Ogden Newell.

3

The Trustee contends that each of the causes of action in Defendants' third party complaint against Ogden Newell are barred as a matter of law, therefore, Defendants' motion to file the third party complaint should be denied.   The Trustee states that as a matter of law, Defendants claims for legal malpractice and negligent representation should fail because Ogden Newell represented the Debtor, not the individuals serving on the Board of Directors.   As for the rest of Defendants claims against Ogden Newell, the Trustee asserts that it is unnecessary to include Ogden Newell as a party from whom Defendants can collect on an indemnity or contribution basis because the Trustee has already entered into a binding settlement agreement with Ogden Newell.   The Trustee has agreed to indemnify Ogden Newell, thus, any amount awarded Defendants against Ogden Newell through indemnity, contribution or apportionment will be relinquished by the Trustee.

**B.      Analysis**

Under the Federal Rules of Civil Procedure the rights of all parties generally should be adjudicated in one action.   *See LASA Per L'Industria Del Marmo Societa Per Arzoni of Lasa Italy v. Alexander*, 414 F.2d 143, 146 (6th Cir. 1969).   Rule 14 is remedial and is construed liberally.   Rule 14 is "intended to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and evenhanded justice expeditiously and economically."   *LASA*, 414 F.2d at 146 (citing *Blair v. Cleveland Twist Drill Co.*, 197 F.2d 842, 845 (7th Cir. 1952)).   The aim of these rules "is facilitation not frustration of decisions on the merits."   *Id.* at 146 (citing *Frommeyer v. L. & R. Construction Co.*, 139 F.Supp. 579, 585 (D.N.J. 1956)).   Furthermore, in *LASA*, the Sixth Circuit stated:

> It is the theory of the rule that the defendant's right against the third
> party is merely the outgrowth of the same aggregate or core of

4

> facts which is determinative of the plaintiff's claim. In this view, the
> court which has jurisdiction over the aggregate of facts which
> constitutes the plaintiff's claim needs no additional ground of
> jurisdiction to determine the third party claim which comprises the
> same core of facts. It is in this sense that the court is said to have
> ancillary jurisdiction over the third party claim.

*Id.* at 146 (quoting 1A Barron & Holtzoff, Federal Practice & Procedure (Wright ed.) § 424, at

653). Thus, the Court should look at whether there is a logical relationship between the third

party claims and the "transaction or occurrence" that is the subject matter of the complaint.

In the instant case, the rights of the Trustee, Defendants and Ogden Newell all pertain to a

common factual setting. Defendants' and Ogden Newell's alleged wrongful conduct relate to the

Board of Directors' actions, specifically regarding the Restricted Stock Plan and the Merlin

Project. The facts surrounding these actions also form the basis of the Trustee's claims against

Defendants. Thus, this appears to be the type of action where economies of time and expense can

be achieved by joining all parties to this action. Since Ogden Newell may be liable to Defendants

for part or all of the Trustee's claims, impleader would be proper. *See* Fed. R. Civ. P. 14(a).

Moreover, given Ogden Newell's pivotal role in structuring these transactions, their joinder would

promote the efficiency of the judicial process.

Nowhere in his response does the Trustee contend that there is not a logical relationship

between the third party claims and the "transaction or occurrence" that is the subject matter of the

complaint. Instead, the Trustee asserts that Defendants' motion should be denied because

Defendants' malpractice claims and other claims against Ogden Newell fail as a matter of law and

there is no need to implead Ogden Newell for indemnification purposes since fault could be

apportioned to Ogden Newell without joining it in the cause of action. It is not clear whether or

5

not Defendants will be able to maintain a cause of action against Ogden Newell for malpractice, since the Debtor, not Defendants, was Ogden Newell's client. However, Kentucky law does indicate it may be possible for Defendants to maintain a cause of action against Ogden Newell for negligent misrepresentation.

Since there appears to be a logical relationship between the third party claims and the "transaction or occurrence" that is the subject matter of the complaint the Court will grant Defendants' motion for leave to file third party complaint. If, as the Trustee contends, Defendants' claims against Ogden Newell fail as a matter of law, then Ogden Newell will be able to file a motion to dismiss or motion for summary judgment once it has been made a party to this action.

## IV.    CONCLUSION

Based on the foregoing, and this Court being otherwise fully and sufficiently advised, it is hereby ORDERED that:

[1]    defendants' motion for leave to file and serve a third party complaint [DE #49] is GRANTED;

[2]    plaintiff's motion to strike notice of order [DE #74] is DENIED as moot; and

[3]    the Clerk of this Court is hereby directed to file the tendered third party complaint in the record as of the date of this Opinion & Order.

This the 31 day of August, 2005.

KARL S. FORESTER, SENIOR JUDGE

6